**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILSON MAHMOOD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-CV-3054-M-BK** |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management. (Doc. 3). The Court now considers Defendant's *Motion to Dismiss* (Doc. 5). For the reasons discussed below, it is recommended that the motion be **GRANTED**.

## I. BACKGROUND[1]

On October 12, 2011, *pro se* Plaintiff Wilson Mahmood filed suit against Defendant in state court in connection with the foreclosure of his home. (Doc. 1-5). Liberally construed, Plaintiff's *Original Petition* alleges causes of action against Defendant for: (1) violations of the Real Estate Settlement Procedures Act (RESPA); (2) noncompliance with federal regulations which Plaintiff contends require Defendant to negotiate a loan modification with Plaintiff to cure any deficiencies prior to foreclosure; (3) violations of the Texas Debt Collection Practices Act (TDCPA); (4) violations of Chapter 51 of the Texas Property Code; and (5) injunctive relief. (Doc. 1-1 at 8-11).

In 2006, Plaintiff obtained a mortgage loan, secured by a Deed of Trust, from Defendant for the purchase of Plaintiff's residence in Rowlett, Texas. *Id*. at 8. Plaintiff now "feels that

---

[1] In deciding this Rule 12(b)(6) motion, the court accepts "all well-pleaded facts as true, viewing them in the light

[Defendant] has violated his rights under the [Deed of Trust]." *Id.* Specifically, Plaintiff avers that he lost approximately $4000 in a loan scam and, as result, fell behind on his mortgage payments. *Id.* After explaining his situation to Defendant's representative, Plaintiff was advised that "mortgage assistance relief could be provided due to his hardship." *Id.* Plaintiff was told that the review for a loan modification would take 30 days and "mainly [Plaintiff's] understanding was that the $4,000 dollars [arrearage] would be placed at the rear of the loan." *Id.* Instead, on eleven occasions since that time, Defendant has threatened foreclosure on Plaintiff's home if Plaintiff failed to pay the full amount due on his loan, including the arrearage. *Id.* at 8-9. On or about October 1, 2011, Plaintiff was forced into accepting a written agreement with Defendant (the subject of which is not disclosed in the petition) without space being provided on the document for Plaintiff's signature. *Id.* at 9.

On November 7, 2011, Defendant removed the case to this Court and, on November 14, 2011, Defendant filed its *Motion to Dismiss* pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). Plaintiff failed to file a response, even after the undersigned, *sua sponte,* enlarged the time for filing the same. Plaintiff was granted until December 23, 2011, to file a response if he opposed the relief sought by the *Motion to Dismiss*. (Doc. 6). Plaintiff was also advised that failure to respond would result in a recommendation on the disposition of the motion "without further notice." *Id.*

After a review of the *Motion to Dismiss* and supporting brief, Plaintiff's *Original Petition*, and the applicable law, the Court finds Defendant's arguments to be well taken and recommends that this case be **DISMISSED**.

## II. APPLICABLE LAW

Motions to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). However, a complaint must be dismissed under Rule 12(b)(6) when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 at 1949 (citations omitted). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 129 S.Ct. at 1950.

Under the Rule 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). When considering a motion to dismiss, the court accepts as true all well-pleaded facts, and views those facts in a light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). A complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell*, 43 F.3d at 975.

The tenet that a court must accept as true all allegations contained in a complaint when ruling on a Rule 12(b)(6) motion is inapplicable to legal conclusions, however. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity; the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Iqbal*,

129 at 1949.  However, a complaint need not set forth all the facts upon which a claim is based;

rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of

what the claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at 545.

### III. DISCUSSION

#### Plaintiff's RESPA claims

Plaintiff contends that Defendant violated RESPA because it did not respond to his

written request seeking a "fair, honest and complete Loss Mitigation review of Plaintiff's

mortgage."  (Doc. 1-1 at 9).  However, Defendant argues Plaintiff has not stated a claim for a

violation of RESPA because Plaintiff has not alleged facts which show that Plaintiff's written

request was a qualified written request.  (Doc. 5-1 at 3).  Defendant's position is well taken.

The relevant portion of RESPA cited by Plaintiff provides that "[i]f any servicer of a

federally-related mortgage loan receives a qualified written request from the borrower (or an

agent of the borrower) for information *relating to the servicing of such loan*, the servicer shall

provide a written response acknowledging receipt of the correspondence within 20 days."  12

U.S.C. § 2605(e) (emphasis added).  RSPA further defines servicing as receiving any scheduled

periodic payments from a borrower pursuant to the terms of any loan, including amounts for

escrow accounts or making the payments of principal and interest.  *Id*. at § 2605(i)(3).

However, in this instance, Plaintiff's written request for loss mitigation did not relate to

servicing of the loan, as defined by RESPA; thus, Defendant had no duty under RESPA to

respond to his correspondence.  12 U.S.C. § 2605(1)(3); *Reed v. Litton Loan Serv., LP*, No. 1:10-

CV-217, 2011 WL 817357 at *4 (E.D. Tex. 2011) (holding that a loss mitigation review does not

relate to the servicing of a loan).  Consequently, Plaintiff's claim that Defendant violated RESPA

4

by failing to respond to his request for a loss-mitigation review should be dismissed for failure to state a claim.

### Plaintiff's claims for failure to negotiate a loan modification

Plaintiff alleges that Defendant failed to negotiate a loan modification as legally required, citing to RESPA, 24 CFR § 3500.21(e), 12 U.S.C. § 1715V (National Housing Act), and the Unfunded Mandates Reform Act.[2]  (Doc. 1-1 at 9-10).  Defendant argues that the claim should be dismissed because: (1) the statutes cited by Plaintiff do not create a duty to negotiate a loan modification; (2) Texas does not recognize a duty of good faith dealing between a mortgagee and mortgagor; and (3) Plaintiff lacks standing to enforce the provisions of the Home Affordable Modification Program (HAMP).  (Doc. 5-1 at 4-5).  Defendant is correct.

First, the statutes Plaintiff cites do not create a duty to negotiate a loan modification.  In addition, to the extent Plaintiff contends that Defendant had a good faith duty to negotiate a loan modification, his claim similarly fails.  Texas does not recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship.  *See FDIC v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990) (noting that the relationship of mortgagor and mortgagee does not ordinarily involve a duty of good faith); *Coleman v. Bank of America, N.A.*, 2011 WL 2516169 *1 (N.D. Tex. 2011); *Watson v. Citimortgage, Inc.*, __F.Supp.2d__, 2011 WL 4526980 *9-10 (E.D. Tex. 2011).  Plaintiff has not pled facts from which it can be concluded that there exists a special relationship between Plaintiff and Defendant that gives rise to a duty of good faith and fair dealing in their transactions.  Finally, to the extent Plaintiff makes a claim under HAMP, such claim fails because HAMP does not create a private right of action.  *Easley v. Federal Nat. Mortg. Ass'n*, No. 4:10-CV-3734, 2011 WL 6002644 at *5 (S.D. Tex. 2011) (collecting cases).

---

[2] Plaintiff also cites 21 CFR § 203.355, however, no such statute exists.

Accordingly, Plaintiff's claims that Defendant wrongly failed to negotiate a loan modification should also be dismissed for failure to state a claim.

### Violations of the TDCPA

In his petition, Plaintiff alleges Defendant violated Chapter 392.301(a)(8) of the TDCPA when it wrongly accelerated the Note.  (Doc. 1-1 at 10).  Defendant, however, argues that this claim fails because Defendant did not owe Plaintiff a duty to enter into a loan modification or negotiate loss mitigation prior foreclosing.  (Doc. 5-1 at 5).  Defendant's argument has merit.

Chapter 392.301(a)(8) of the TDCPA forbids a debt collector to use threats or coercion or take any action prohibited by law.  TEX. FIN. CODE § 392.301(a)(8).  Liberally construing Plaintiff's petition, he contends that Defendant's eleven threats of foreclosure and its requirement that Plaintiff satisfy the arrearage in full before a loan modification would be considered were actions prohibited by law.  (Doc. 1-1 at 8-9).  However, as previously stated herein, Defendant had no legal duty to negotiate a loan modification with Plaintiff.  Moreover, by no stretch is the threat of foreclosure, in light of Defendant's admitted failure to pay his mortgage loan as contracted, an action prohibited by law.  Thus, even construing the facts in the light most favorable to Plaintiff, his TDCPA claim should be dismissed for failing to state a cognizable claim.

### Violations of Chapter 51 of the Texas Property Code

Plaintiff's seeks redress under Chapter 51 of the Texas Property Code because of Defendant's eleven notices of impending foreclosure.  Plaintiff claims that he was "humiliated and embarrassed" by the public foreclosure notices and that, after the seventh such notice, he "was so upset until he accidently struck another vehicle injuring himself and to [sic] other people which cause [sic] Plaintiff time off work due to his injuries and therapy."  (Doc. 1-1 at 9).

Defendant correctly argues that Plaintiff's claims should be dismissed as premature since no actual foreclosure occurred.  (Doc. 5-1 at 5-6).

Chapter 51 of the Texas Property Code, on which Plaintiff's claim rests, sets out the notice requirements and procedures for conducting a foreclosure sale.  TEX. PROP. CODE § 51.002.  Based on the facts set forth in the *Original Petition*, Plaintiff has not pled that a foreclosure sale has occurred.  Indeed, Plaintiff's requests for injunctive relief from this Court to prevent a foreclosure sale make apparent that no foreclosure sale had occurred at the time this suit was brought.  Accordingly, Plaintiff's claim under Chapter 51 of the Texas Property Code for what could only be wrongful foreclosure should also be dismissed.

### Claim for Injunctive Relief

Finally, Plaintiff is not entitled to the injunctive relief he seeks, as he cannot establish the substantial likelihood of success on the merits of his claims.  *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).  As discussed herein, Plaintiff's underlying claims all lack merit.  Thus, because Plaintiff has failed to assert a viable cause of action against Defendant, let alone show the likelihood of success on the merits, he is not entitled to injunctive relief.

### IV. LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so."  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).  Here, Plaintiff failed to respond to Defendant's motion to dismiss, and has not moved for leave to amend his petition.  Moreover, the Court finds that Plaintiff has already pled his best case and that granting leave to amend would be futile and cause needless delay.  *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some

point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."); *Biggers v. BAC Home loans Servicing, LP*, 767 F.Supp. 2d 725, 735 (N.D. Tex. 2011) (plaintiffs not allowed to amend their claims where they failed to respond to the defendant's motions to dismiss).

## V. CONCLUSION

Thus, for the reasons discussed herein, it is recommended that Defendant's *Motion to Dismiss* (Doc. 5) be **GRANTED** and, because no claims for relief will remain, that this case be **DISMISSED** in its entirety.

**SO RECOMMENDED** on January 18, 2012.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE